**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN W. HARRIS,

       Plaintiff,

v.                                              Case No. 3:19-cv-1170-J-20MCR

RON DESANTIS, Governor, individually
and in his official capacity, RICK SCOTT,
Senator, individually and in his official
capacity, and STEPHEN HEBERT,
Investigator, individually and in his
official capacity,

       Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2). For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

A court receiving an application to proceed *in forma pauperis* must dismiss the action *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. Nov. 20, 2013) (per curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. Jan. 19, 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15.

On October 15, 2019, Plaintiff filed his Complaint, titled "Complaint for Damages," naming Ron DeSantis, Rick Scott, and Stephen Hebert, in their individual and official capacities, as Defendants. (Doc. 1.) Plaintiff also referred to Defendants DeSantis, Scott, and Hebert collectively as "The State of Florida." (*Id.* at 1.) Plaintiff brings his claims against Defendants "pursuant to U.S.C. (28) [§] 1331-1345, U.S.C. [§] 440-441, 52 U.S.C. § 10101, and 52 U.S.C. § 10301," and alleges that Defendants are liable for:

> [V]iolating [h]is 8th Amendment right[] to be free of [sic] cruel and unusual punishment and violation of his Due-Process rights depriving him to be [sic] a lawful citizen of the State of Florida, thus

2

>violating clearly well-established laws that were and still [are] in effect[,] by their act(s) and omissions while acting "under color" of State and Federal Constitutions[,] [thereby] breaching their scope of employment by [sic] the Government, and as a direct and proximate result[,] abused their Executive Powers and in doing so[,] or failure [sic] to do so[,] acted with deliberate indifference[] causing him injury and rights to citizenship [sic].

(*Id.* at 1-2.)  Plaintiff asserts that this Court has jurisdiction over his claims pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.  (*Id.* at 2.)  Plaintiff also states that:

>[His] cause(s) of action arises out of injuries he allegedly sustain[ed] upon his release from the Florida Department of Corrections Prison System up to [the] date of the filing of the instan[t] Complaint, and seeks monetary compensation from the State of Florida for those ongoing injuries which continuously deprives [sic] him of Due-Process of Laws which entails continuous cruel and unusual punishments which are guaranteed to him under both Amendments 8 and 14 to the U.S.C. [sic] and State Constitutional Amendments.

(*Id.* at 4.)

In his "[First] Statement of Claim [for] Due-Process Violation(s)," Plaintiff asserts the following:

>Plaintiff . . . is a former prisoner of the Florida Department of Corrections, who was previously released upon the end of his sentence on May 11, 2011.
>
>Following his release, the Florida Parole Commission imposed upon him [sic] to serve 30 days State Probation.
>
>Having satisfied his Probation Sentence around June 23, 2011 in Nassau County, Florida[,] he was released from any and all State supervision in Nassau County.
>
>Later, around June 21, 2018, Plaintiff filed his Application for Clemency to have his Civil Rights fully restored under F.S. [§]

3

> 940.02 having successfully meeting [sic] and satisfying [sic] all required criteria[].
>
> Subsequently, thereafter[,] around June 23, 2019, Plaintiff once again filed and submitted his application to have his firearm rights restored to him in order to own, possess or carry a weapon as required under F.S. [§] 940.02 Rules of Executive Clemency.
>
> To date [sic] of this instant Complaint[,] no rights ha[ve] been investigated nor restored to Plaintiff.
>
> According to the Clemency [B]oard, clemency is a lengthy process to only comes [sic] on [a] first come[,] first served basis.
>
> Thus, Rule 940.02 is an unconstitutional statute and should be repealed and abolished because it allows the State to abuse of [sic] Powers because it [is] an Executive Branch.  Such powers shouldn't be breached or wrongly used to restore a person[']s Civil Rights after he or she has successfully satisfied their sentences under Florida laws and Rules of Executive Clemency.

(*Id.* at 5-7.)  Plaintiff then claims that "as a direct result of Defendants['] knowledge and intentional acts to deprive Plaintiff [of] full Due-Process closure in a timely fashion as opposed by the Amendment, Plaintiff has suffered mental harm, severe depression, paranoia, intentional infliction of pain which entails countless loss [sic] nights of sleep and appetite and seeks monetary and compensatory damages for having to bring this suit before This Honorable Court."  (*Id.* at 7.)  Plaintiff also demands a trial by jury on "any issues so triable."  (*Id.*)

Petitioner has not adequately alleged that the Court has subject matter jurisdiction over this action.  From what the undersigned can glean, Plaintiff appears to allege that he applied for (1) full restoration of his civil rights on June

4

21, 2018, and (2) specifically for restoration of his right to own, possess, and carry a firearm on June 23, 2019.  Plaintiff also alleges that the investigatory process has not begun and that his rights have not been restored.  Rather, he appears to claim that the Clemency Board has informed him that "clemency is a lengthy process" performed on a "first come[,] first served basis."[2]  To the extent Plaintiff asks the Court to find that Florida Statute section 940.02 is unconstitutional and that it should be abolished and repealed, said statute was repealed in 1988.  Fla. Stat. Ann. § 940.02 (West), *repealed by* Laws 1988, c. 88-193, § 4, eff. July 1, 1988.   However, even reading Plaintiff's *pro se* complaint liberally, it is unclear whether he is challenging the constitutionality of the Executive Clemency Statute, Fla. Stat. § 940.01, *et. seq.*, in its entirety, and/or the Rules of Executive Clemency, and/or the Clemency Board's delay in processing Plaintiff's applications for the restoration of his civil rights and the specific authority to own, possess, or use firearms.

Nevertheless, even construing Plaintiff's allegations liberally,[3] the undersigned finds that the Court does not have subject matter jurisdiction to

---

[2] The undersigned takes judicial notice of the Florida Commission on Offender Review's 2019 Annual Report stating that in fiscal year 2018-2019, 5,204 clemency applications were received and 4,748 clemency cases were completed, and that as of July 1, 2019, there were 23,842 pending clemency applications.  See Florida Commission on Offender Review, *2019 Annual Report* (2019), https://www.fcor.state.fl.us/docs/reports/Annual%20Report%202019.pdf.

[3] The pleadings of *pro se* litigants, like Plaintiff, must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curiam).

consider Plaintiff's allegations or requests because he has failed to show that he has standing to bring this suit. In order to establish standing, a plaintiff must show that he or she has suffered an actual injury in fact caused by the defendant, and that the injury will be redressed by a favorable decision. *White's Place, Inc. v. Glover*, 222 F.3d 1327, 1329 (11th Cir. 2000). Pursuant to Fla. Stat. § 940.05, "[u]pon conviction of a felony . . . the civil rights of a person convicted shall be suspended in Florida until such rights are restored by a full pardon, conditional pardon, or restoration of civil rights pursuant to s. 8, Art. IV of the State Constitution." Fla. Stat. § 940.05. Florida's Constitution provides that "the governor may, by executive order . . . restore civil rights." Fla. Const. art. IV, § 8; *see also United States v. Owens*, 15 F.3d 995, 997 (11th Cir. 1994) ("The referenced constitutional provision confers upon the governor discretion to grant full or conditional pardons and to restore civil rights."); *Thompson v. State,* 438 So.2d 1005, 1006 (Fla. Dist. Ct. App. 1983) ("[T]he right to possess a firearm is a civil right and . . . a partial restoration of civil rights such as defendant here received is within the governor's discretionary power of clemency under Article IV, Section 8, Florida Constitution."). "The authority to restore civil rights belongs solely to the executive branch and cannot be infringed upon by the legislative or judicial branches." *Parker v. State*, 263 So.3d 192, 194 (Fla. Dist. Ct. App. 2018) (citing *Sullivan v. Askew*, 348 So.2d 312, 314-16 (Fla. 1977); *France v. State*, 436 So.2d 428, 430 (Fla. Dist. Ct. App. 1983)).

Moreover, as the courts have recognized:

> There is no constitutional right to clemency. *See Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 279-85, 118 S.Ct. 1244, 1249-52, 140 L.Ed.2d 387 (1998). An appeal for clemency "is simply a unilateral hope." *Id.* at 282, 118 S.Ct. at 1250 (internal quotation marks omitted). We agree with the district court that in order for a claim of alleged violations of due process and equal protection in a clemency proceeding to succeed, the violation must be grave, such as where "a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency process." *Id.* at 289, 118 S.Ct. at 1254.

*Banks v. Sec'y, Fla. Dep't of Corr.*, 592 F. App'x 771, 773 (11th Cir. 2014).

Here, even construing the Complaint liberally, Plaintiff's allegations fail to establish that he has suffered an injury in fact, and thus, fails to establish standing to bring this suit. At best, Plaintiff has only alleged that his recently filed applications remain pending and that according to the "Clemency [B]oard, clemency is a lengthy process," which is supported by the Florida Commission on Offender Review's 2019 Annual Report, as noted *supra*. As such, the undersigned finds that this Court lacks subject matter jurisdiction over these claims.

Although a *pro se* plaintiff is ordinarily given an opportunity to amend his complaint out of an abundance of caution, it is clear in this case, even when construing the allegations in the Complaint liberally, that permitting Plaintiff to proceed *in forma pauperis* would be inappropriate. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

7

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) [now §1915(e)(2)(B)] authorizes federal courts to dismiss a claim filed *in forma pauperis* . . . .").

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED** and the case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on March 5, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Harvey E. Schlesinger
United States District Judge

*Pro Se* Plaintiff